IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

DIRECTV, Inc.,

    Plaintiff,

V.

CARLA CRAWLEY, ROSE MARIE BOYD
And ERIC LONG

    Defendants.

CIVIL ACTION
NO. 3:03 CV 0005 (PCD)

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT

**I.  FACTS**

The plaintiff, DIRECTV, Inc. ("DIRECTV"), brought this lawsuit against the defendants, Carla Crawley and Rose Marie Boyd ("defendants"), seeking damages for violations of the Cable Communications Policy Act of 1984, 47 U.S.C. § 521, *et seq.*, violations of 18 U.S.C. § 2511 and § 2512 and declaratory and injunctive relief for the improper receipt, transmission, and exhibition of satellite programming signals in violation of the each of these statutes. Damages are liquidated in this case as they are based on a minimum

statutory award of $10,000.00 for each defendant individually due to the defendants' conduct as alleged in DIRECTV's Complaint.

Defendants were served with a copy of DIRECTV's complaint and summons on January 11, 2003. See Exhibit A for documentation of Marshal's service. Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, defendants' answers were due on or before January 31, 2003. To date, the defendants have failed or refused to appear or file an answer or other pleading responsive to DIRECTV's complaint.

Based on facts known to plaintiff, the defendants Carla Crawley and Rose Marie Boyd are not members of the United States military.[1] See Exhibit B, Affidavit of Terri O'Connell.

## II. ARGUMENT

### A. Defendants Have Failed to Appear or File an Answer or Other Responsive Pleading

A default judgment may be obtained against a party who has not appeared or filed a responsive pleading or otherwise defended the suit within the time allowed and when the affirmative relief sought is a calculable sum certain. FED. R. CIV. P. 55(a) and (b)(1). In the case at bar, the defendants have failed to file an appearance or responsive pleading or

---

[1] The plaintiff is not requesting a default judgment against defendant Eric Long at this time because he has been found to be active in the military.

2

otherwise acted to defend this lawsuit. The defendants are, therefore, in default and DIRECTV is entitled to judgment by default. FED. R. CIV. P. 12(a)(1)(A).

### B. DIRECTV is Entitled to Full Statutory Damages and Costs, Including Mandatory Attorneys' Fees

This lawsuit involves violations of the Cable Communications Policy Act of 1984, as amended, 47 U.S.C. § 605 (the "Communications Act"), 18 U.S.C. § 2511 and 2512 (the "Surreptitious Interception Act"), and violations of state law. DIRECTV complains of defendants' violations of section (e)(4) of the Communications Act by modifying or assembling devices used primarily in the unauthorized decryption of satellite programming. Moreover, DIRECTV complains that defendants assembled or possessed at least one device shipped to defendants through the mail and knew that the design of such device renders it primarily useful for the purpose of surreptitious interception of DIRECTV's wire and electronic communications in violation of section 2512(1)(b) of the Surreptitious Interception Act. Based on this conduct, DIRECTV is entitled to a minimum statutory award of $10,000.00 from each defendant individually.

Subsection (e) of the Communications Act (47 U.S.C. § 605) provides DIRECTV its civil remedies in this case and states, in pertinent part, that an aggrieved party such as DIRECTV may recover the following damages as a result of the unauthorized publication or

3

use of satellite programming communications:

> "(e)(3)(C)(i)(II) . . . for each violation of [paragraph (e)(4)] involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just . . . ."
>
> (e)(3)(B)(iii) the court **shall** direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."

See 47 U.S.C. § 605(e)(3).

Further, 18 U.S.C. § 2520 provides that the Court may award to a complaining party damages against a defendant for conduct prohibited by the Surreptitious Interception Act as follows:

> ". . . . statutory damages of **whichever is greater** of $100 per day for each violation or $10,000 . . . . " (18 U.S.C. § 2520(c)(2)(B));
>
> ". . . . punitive damages in appropriate cases . . . ." (18 U.S.C. § 2520(b)(2)), and
>
> ". . . . reasonable attorneys' fees and other litigation costs reasonably incurred." (18 U.S.C. § 2520(b)(3)).

As properly pled in DIRECTV's Complaint, defendants committed at least one willful statutory violation of 47 U.S.C. § 605(e)(4) and at least one statutory violation of 18 U.S.C. § 2512. As such, this Court is authorized to award, and DIRECTV is entitled to receive from

4

each defendant individually, statutory damages determined by the Court in the amount of:

> no less than $10,000 or more than $100,000.00, for the violation of 47 U.S.C. § 605(e)(4); or
>
> full statutory damages in an amount no less than $10,000 for each violation of 18 U.S.C. § 2512.

Under either federal statute, this Court may award a judgment of no less than $10,000.00 in damages from each defendant individually. Moreover, for violations of the Communications Act and the Surreptitious Interception Act, DIRECTV is entitled to full costs in the amount of $112.82 from Carla Crawley and $83.02 from Rose Marie Boyd, and reasonable attorneys' fees in the amount of $670.00 each, amounting to a judgment of $10,782.82 for Carla Crawley and $10,753.02 for Rose Marie Boyd, and post judgment interest as provided by law. *See* Exhibit C for affidavit of Matthew D. Gordon and Exhibit D for fee documentation.[2]

---

[2]The marshal costs were allocated to each defendant as charged by the marshal (Exhibit A). Since the marshal costs were not the same for each defendant, the judgments are not equal. The non-marshal costs and attorney fees, however, were calculated by dividing them equally among the defendants. See Exhibit D for fee documentation.

### C. This Court Should Permanently Enjoin Defendants From Committing Further Violations

DIRECTV requests injunctive relief under the express provisions of the Communications Act and the Surreptitious Interception Act. The Communications Act provides as follows:

> "(e)(3)(B)(i) The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]."

See 47 U.S.C. § 605(e)(3)(B)(i).

The pertinent language under section 2520 of 18 U.S.C. provides that the Court may award, "such preliminary and other equitable or declaratory relief as may be appropriate." See 18 U.S.C. § 2520(b)(1). Accordingly, this Court is authorized to permanently enjoin defendants from committing or assisting in the commission of any violation of 47 U.S.C. § 605, or violations of 18 U.S.C. § 2511 or § 2512, and should do so to prevent such violations.

6

### III. CONCLUSION

For the reasons set forth above, DIRECTV respectfully requests that this Court: (1) award to DIRECTV full statutory damages in the amount of $10,000.00, plus full costs in the amount of $112.82 for Carla Crawley and $83.02 for Rose Marie Boyd, and reasonable attorneys' fees in the amount of $670.00 each, amounting to a judgment of $10,782.82 against Carla Crawley and $10,753.02 against Rose Marie Boyd, and post judgment interest as provided by law; (2) permanently enjoin defendants from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511 or § 2512; and (3) grant DIRECTV such other and further relief as this court deems equitable, just and proper.

DATED this 17th day of December, 2003.

Respectfully Submitted,
PLAINTIFF, DIRECTV, Inc.

By _____
Matthew D. Gordon
SKELLEY ROTTNER P.C.
433 S. Main Street, Suite 305
West Hartford, CT 06110
Tel. 860-561-7077
Fax 860-561-7088
Fed. Bar. No. ct02355

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

DIRECTV, Inc.,

    Plaintiff,

V.

CARLA CRAWLEY, ROSE MARIE BOYD
And ERIC LONG

    Defendants.

CIVIL ACTION
NO. 3:03 CV 0005 (PCD)

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On the ___ day of _____, 2003, the Court considered the motion for default judgment filed by the plaintiff, DIRECTV, Inc., against the defendants Carla Crawley and Rose Marie Boyd. After considering the plaintiff's motion, the affidavits and other evidence on file, the Court finds the record supports the entry of a default judgment. Therefore the Court orders the clerk to enter a default judgment against defendants Carla Crawley and Rose Marie Boyd, in the sum of $10,000.00, the amount claimed, plus costs and disbursements in the amount of $112.82 for Carla Crawley and $83.02 for Rose Marie Boyd, and reasonable attorneys' fees in the amount of $670.00 each, amounting to a judgment of $10,782.82 against Carla Crawley and $10,753.02 against Rose Marie Boyd, plus post

judgment interest at the legal rate in effect to accrue thereon from the date of this judgment forward until paid; and, that the plaintiff have execution therefore; and

It is further ORDERED and ADJUDGED that defendants, Carla Crawley and Rose Marie Boyd, is permanently enjoined from committing or assisting in the commission of any violation of the Cable Communications Policy Act of 1984, as amended, 47 U.S.C. § 605, or committing or assisting in committing any violation of 18 U.S.C. §§ 2511 or 2512.

SIGNED on this ____ day of _____, 2003.

_____
U.S. DISTRICT JUDGE

2