Oct. 20, 2003

The Honorable Peter C. Dorsey
U.S. District Court
141 Church Street
New Haven, CT 06510

Re: Directv, Inc V. Carla Crawley, Rose Marie Boyd and Eric Long
Civil Action No. 3:03 CV 0005 (PCD)

Dear Judge Dorsey,

    I received a copy of the enclosed letter addressed to yourself. The letter states I was served but did not appear. I was served and I responded to the complaint. I have enclosed a letter I received the first time I responded as proof I did respond. The first time I responded I did not send a copy to Skelley Rottner, P.C. but the second time I responded I did send them a copy. Then I sent my response along with the certificate of service to Kevin F. Rowe. I never received a date to appear.

    I am enclosing the original letter I sent to respond to the complaint. I am also enclosing a letter I received from another attorney for Directv that I received.

    Apparently these attorneys found my name and address on the computer of a company I believe was DSS STUFF. As explained in my response letter I was misled into buying this part. When I discovered it was not the memory board I thought it was I returned it. The company sent me emails confirming they had received my return but there may be a delay on my refund because they were experiencing issues with the law. I never received my refund. I find it hard to believe that they found my purchase in the computer system but could not find my return or the emails regarding my return.

    In addition, I was first contacted by a Yarmuth Wilsdon Calfo PLLC and spoke to a gentleman named Spencer Freeman who told me I could pay $2,000 and this whole situation would go away. I told him I was not guilty of anything and therefore I was not paying a dime. Then I received the complaint from the U.S. District Court of Connecticut. I then contacted Matt Gordon at Skelley Rottner, P.C. and explained to him that I had previously been contacted by the above mentioned, Spencer Freeman. Matt told me to call that firm again to see what was going on. I did and this time I spoke to Jim Standring and was told that I could pay $4,500 to make this all go away, again I told him no. I then called Matt back and told him what was going on and he told me to send my explanation to his office as well as to the court, which I did. Now they want me to pay $10,000 for something I did not due.

    If further information is needed, please contact me at 860-367-0360.

Respectfully,

Carla M. Crawley

**SKELLEY ROTTNER** P.C.

Law Offices
Corporate Center West
Suite 305
433 South Main Street
West Hartford, CT 06110

Reply to
P.O. Box 340890
Hartford, CT 06134-0890
Phone: (860) 561-7077
Fax: (860) 561-7088

Joseph F. Skelley, Jr.
1927-1995

James G. Geanuracos
Matthew Dallas Gordon
Randall M. Hayes
Kirby G. Huget
Susan L. Miller
Joel J. Rottner
Alyssa S. Vigue
Carl F. Yeich
Counsel–
Susan E. Malliet

October 9, 2003

The Honorable Peter C. Dorsey
U. S. District Court
141 Church Street
New Haven, CT 06510

RE: **DIRECTV, Inc. v. Carla Crawley, Rose Marie Boyd and Eric Long**
Civil Action No. 3:03 CV 0005 (PCD)
Our File No. 8800-02014

Dear Judge Dorsey:

We are sending this letter in response to your Notice dated September 2?, 2003 and to explain to you why this case should not be dismissed. Please note that as to the defendants, Carla Crawley and Rose Marie Boyd, both of those defendants were served but have never appeared. Accordingly, we have filed a Motion for Default by Judgment directed to both of them. As to the defendant, Eric Long, we have determined that Mr. Long is currently serving in the armed services. Accordingly, we cannot move for a default judgment against him. Instead, we have filed a Motion to Stay the Proceedings as to Eric Long only until he completes his current tour of service. A copy of the motion is enclosed. If Mr. Long's current tour of duty ends within the next six (6) months, DIRECTV will communicate with him and file a Parties Planning Report and will comply with all other Scheduling Orders by the Court. If it is determined that Mr. Long's current tour of military service will not be completed within six (6) months, DIRECTV will move for an extension of the Court's stay.

For the foregoing reasons, we would request that you direct the Clerk to refrain from dismissing this action and to enter a default judgment against the defendants, Carla Crawley and Rose Marie Boyd. We would further request that the Court issue a stay of the proceedings as to the defendant, Eric Long.

**SHELLEY ROTTNER** P.C.

The Honorable Peter C. Dorsey
U. S. District Court
October 9, 2003
Page 2

      Thank you for your attention to this matter. If we can provide you with any additional useful information, please do not hesitate to contact me. My telephone number is 860-561-7077.

Respectfully,

*[signature]*

Matthew D. Gordon

MDG/kam
Enclosures:   Motion to Stay the Proceedings
SR/212300

Cc:
Carla Crawley
19 Ann Avenue
Uncasville, CT 06382

Rose Marie Boyd
37 Colonial Drive
Waterford, CT 06385

Eric Long
31 Cherry Circle
Groton, CT 06340



20684
51684
3380
Spinser
Freeman
$2,000
$21

# YARMUTH WILSDON CALFO PLLC
### ATTORNEYS AT LAW

3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000

T 206 587-5777
F 206 516-3888

January 7, 2002

**VIA CERTIFIED MAIL**

Carla Crawley
19 Ann Ave.
Uncasaville, CT  06382

     Re:    Satellite Signal Theft

Dear Ms. Crawley:

     This law firm represents DIRECTV, Inc. in the investigation and litigation regarding the illegal reception and use of its satellite television programming. This illegal reception and use of DIRECTV's programming is accomplished through the use of modified DIRECTV Access Cards and other devices sometimes referred to as "test cards."

     DIRECTV recently obtained evidence demonstrating that you purchased illegal signal theft equipment to gain unauthorized access to DIRECTV's programming. At DIRECTV's request, I am contacting you because your purchase and use of illegal signal theft equipment to access DIRECTV's programming violates federal and state laws.

     Federal and state statutes impose serious criminal and civil penalties against users of illegal signal theft equipment. *See* 47 U.S.C. § 605(a) (making it illegal to receive or assist another in receiving an encrypted satellite signal); 18 U.S.C. §2511(1)(a) (making it illegal to intercept an encrypted satellite signal); 17 U.S.C. §1201(a)(1) (making it illegal to circumvent a technological measure such as the DIRECTV conditional access system). So strict are these statutes that Congress has made the mere *possession* of signal theft equipment an offense under federal law. *See* 18 U.S.C. § 2512(1)(b) (making it illegal to "possess" any electronic, mechanical or other device, knowing or having reason to know that the design of the device renders it primarily useful for the purpose of the surreptitious interception of an encrypted satellite signal).

     Your purchase, possession and use of signal theft equipment to gain unauthorized access to DIRECTV's satellite television programming subjects you to statutory damages of up to $10,000 *per violation.* Your involvement in modifying devices to illegally gain access to DIRECTV's programming increases potential statutory damages to $100,000. Further, these statutes allow DIRECTV to recover from you compensatory and punitive damages, attorneys' fees and other

Page 2

expenses. *See* 47 U.S.C. § 605(e)(3)(B); 18 U.S.C. § 2520(b). Thus, possessors of illegal signal theft equipment face substantial monetary penalties for their conduct.

DIRECTV is making an effort to rectify past misappropriations of its satellite programming by users of signal theft equipment and to prevent the use of illegal access cards in the future. With those goals in mind and in light of DIRECTV's signal theft claims against you, DIRECTV has instructed me to take a proactive approach in resolving this matter. With your cooperation we can reach an acceptable resolution to this problem. DIRECTV is prepared to release all claims against you in return for your agreement to (1) surrender all illegally modified access cards, or other satellite signal theft equipment in your possession, custody, or control; (2) execute a written statement to the effect that you will not use illegal devices to obtain satellite programming in the future; and (3) make monetary restitution to DIRECTV for your past wrongful conduct and the damages thereby incurred by the company. If you should chose to reject this settlement offer, DIRECTV will be forced to file a lawsuit in Federal District Court, seeking substantial monetary damages and injunctive relief.

While DIRECTV will allow me to discuss this matter with you, the company will not imprudently and indefinitely wait for you to acknowledge your unlawful conduct. Therefore, if you wish to discuss the contents of this letter, you must contact me at 206-587-5777 on or before 5:00 p.m., P.S.T., January 25, 2002. After that date, DIRECTV will abandon its attempts to negotiate and/or amicably resolve this matter. In any event, as a result of turning this file over to me, DIRECTV representatives are no longer able to handle questions regarding your illegal access to DIRECTV satellite programming. ***Please direct any and all future inquiries to this office.***

There is little question that you will benefit by resolving this matter through informal discussion in lieu of judicial action. Illegal access to DIRECTV programming is a serious problem and, consequently, DIRECTV has no choice but to fully pursue illegal residential access cases to the end. If you have any comments or questions regarding this letter, or any other matter, please call me as soon as possible.

Sincerely,

Spencer Freeman
Gregory Q. Zamudio
Deborah Boylston

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
        Direct TV                                :
                                                 :
        vs.                                      : Civil No. 3:03cv5 (PCD)
                                                 :
        Carla Crawley                            :
                                                 :
-------------------------------------------------x
```

## ORDER RETURNING SUBMISSION

The Clerk has received your <u>answer to complaint</u> however, it is deficient in the area(s) checked below:

(NOTE:  L.R. refers to the Local Rules, District of Connecticut)

1. ✔ L.R.5(b)    ✔ No certificate of service attached to pleading
                 _ Certificate of service fails to list names and addresses of all parties served
                 _ Certificate of service is not signed

2. _ L.R.5(d)    Failure to submit document under seal

3. _ L.R.10      _ Failure to sign pleading (original signature)
                 _ Failure to double space
                 _ Margin is not free of printed matter
                 _ Left hand margin is not one inch
                 _ Judge's initials do not appear after the case number
                 _ Docket number is missing
                 _ Failure to supply federal bar number
                 _ Holes not punched in document

4. _ L.R.68      Failure to file offer of judgment in a sealed envelope

5. _ L.R.83.1(d) Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court

6. _ Other       ___

The Clerk is hereby Ordered to return the above pleading and to notify counsel of such action.

Date: 2/11/03

_____
United States District Judge

(Fsd)

rev. 1/1/03

To whom it may concern,

My computer was extremely slow so my husband asked one of his co-workers to look at our computer. He came over & said we needed to add a new memory board. The guy then went online & told my husband what to order so he did using my credit card. Within a week this guy was fired from the Mohegan Sun. I just figured when the parts came I would wait until my parents came to visit so my father could fix my computer. When the parts arrived I knew they didn't look like any memory board I had seen. So when my parents came up I showed my father the parts & the site they were ordered from & he told me what the parts really were. So of course I mailed them back. I then emailed the company DSS stuff to make sure they received them & to get my money back. When the guy emailed me he said the were having issues with the law but they received my return & I would get my refund. I never received my refund & any future email I tried to send was returned to me. Then I get this letter from a lawyer named Spencer Freeman, I called him to explain all

the above info & he said if I sent him $2,000 everything would be dropped. I told him I did nothing wrong & I would not send him a dime!! I contacted the post office & they said there is no way to trace the return because I didn't insure it or request they sign for it. Then I had my computer checked to pull up all my old email but with getting my true memory board in everything was cleared out. If the law can find the order that we placed why can't they find the email I sent & the replies I received. If anything DSS stuff owes me money!!

Furthermore, Skelley Rottner's firm gave me another phone number to call which I did. I spoke to Jim Standring & he stated I can pay $4,500 & this will all go away. These people want $ & do not care about the true facts!

Thank you,

Carla Crawley

CARLA CRAWLEY
19 Ann Ave
Uncasville, CT
06382
(860) 367-0360